———————o———————

## No. 3907.

(Court of Appeal, Parish of Orleans.)

### ROBERT GAIR & CO. vs. JOS. LEVY & BROS.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "B."

Dart & Kernan, for Plaintiff and Appellant.

Bernard Titche, for Defendant and Appellee.

DUFOUR, J. The plaintiff's claim is rested on the allega-

tions that on April 14th, 1904, said firm of Joseph Levy & Bros. ordered from petitioner 60,000 No. 260 self closing ice cream boxes at a total price of $256, all of said boxes to be taken by Joseph Levy & Bros. by October 1st, 1904 "and that the latter have received 10,000 of said boxes, and, without just cause or reason refuse to accept delivery of the remainder of said order notwithstanding due demand so to do.

The gist of the defence is that the order was to be filled at the election of the purchasers as they might direct, provided that they were to put in their order for a sufficient number to make up the entire 60,000 boxes so as to have the goods delivered not later than October 1st, and that plaintiff overlooked the order or neglected it and did not offer to deliver the balance of the boxes until after September 9th, at which time, owing to the approach of the winter season, they were of little use or value.

The defendant deposited in Court the amount due for the accepted boxes and costs incurred to date and, from a judgment compelling plaintiff's to accept the same in full satisfaction of their claim, they have appealed.    Taking a general view of the testimony and the correspondence, it appears that the original contract contemplated that the boxes must be taken by the defendants within one year, but, upon representations by plaintiff's that the order was small and would have to be run off at once in order to save expense, the contract was so modified as to obligate defendants to receive all the boxes by October 1st.

Our understanding of the agreement is that, although defendants were compelled to receive the boxes by that date, there was no condition that the plaintiff could withhold delivery until then, but that it was their duty to make delivery as required by defendants.

It was originally intended that all of the boxes should bear the imprint or advertising device of Levy Bros., who are local stationers and dealers in paper goods.

A letter from plaintiffs to defendants, of date July 7th, 1904, shows that the latter, as a concession, agreed to accept delivery

360

of 7000 boxes without the stipulated bottom imprint, and adds that "we have intered your entire order and we shall make a run of the balance of the order early in August, as promised, and will make a shipment of part of these as soon as the run is made."

Were there any doubt as to the obligations of plaintiff to respond to defendant's orders at any time, upon reasonable notice, before Oct. 1st, this would certainly solve it, either as a construction or a modification of the original agreement.

On September 7th, 1904, a letter from plaintiff admits having received complaints for non delivery as promised, expresses regrets therefor and announces the intention to ship on that day 5000 pints and 5000 quarts and a further delivery of the half pints at the end of the week.

In answer to this defendants wrote saying that they had informed plaintiff's representative not to ship any more boxes as they would not be needed in the winter season, and added "of course if you have shipped them, we will take them, but please see that you do not forward any more as you know that these are not sold in winter."

This is corroborated by Levy's testimony.

The value of the two shipments referred to is represented by the amount deposited by defendant in the registry of the Court.

No further shipment has been made, and plaintiffs manager says that the boxes were not completed and ready for delivery until September 15th. Under the circumstances we have reached the conclusion that, either through neglect or inability to manufacture the boxes within the time agreed upon, the plaintiffs have violated their contract and relieved defendants of the obligation of accepting the balance of the order.

Judgment affirmed.